IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FREDERICK BANKS,<br><br>  Petitioner,<br><br>vs.<br><br>WARDEN R. THOMPSON, FCI FORT DIX MAILROOM, PRESIDENT OF THE UNITED STATES, FEDERAL BUREAU OF PRISONS,<br><br>  Respondents. | Cause No. CV 25-168-M-BMM<br><br><br>ORDER |

Frederick Banks petitions for a Writ of Habeas Corpus and Mandamus under 28 U.S.C. §§2241 and 1361. (Doc. 1). Banks is apparently incarcerated at FCI Fort Dix in New Jersey and asserts that Respondents have unlawfully deprived him of mail and photographs. (*Id*. at 1-2.) Banks believes the conduct at issue constitutes arbitrary censorship without due process and suggests a class-action lawsuit would be appropriate. (*Id*. at 2.)

Banks has also moved this Court to proceed in forma pauperis. Although Banks has not provided the requisite documents to support his motion, there is no need to delay this action further. Banks's request to proceed in forma pauperis will be granted.

1

"District Courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)).  A federal court issuing a writ of habeas corpus must have personal jurisdiction over the custodian.  See, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).  Without such jurisdiction, the court has no authority to direct the actions of the restraining authority.  *Malone v. Calderon*, 165 F. 3d 1234, 1237 (9th Cir. 1999) (holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri).  The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process.  *Braden*, 410 U.S. at 495.  Thus, where a petitioner names a respondent who is outside the district court's territorial limits, the court lacks personal jurisdiction to consider the petition.  See, *Malone*, 165 F. 3d at 1237.

Banks has named R. Thompson, the Warden of the Federal Correctional Institution in Fort Dix, New Jersey, as the respondent.  Thompson falls outside this District's territorial limits and the Court lacks personal jurisdiction over Thompson.  *Padilla*, 542 U.S. at 443.  The Court lacks jurisdiction to consider Banks' petition.

If a petitioner files a habeas petition in a district court that lacks jurisdiction, that court may transfer the petition to a court with jurisdiction "if it is in the

2

interest of justice." 28 U.S.C. §1631; *Miller v. Habrick*, 905 F. 2d 259, 262 (9th Cir. 1990). Normally, a transfer is in the interest of justice because dismissing an action that could be brought elsewhere is "time consuming and justice defeating." *Id*. But Banks does not present the normal case.

The Court is familiar with Banks from previous filings. Banks filed a similar habeas petition which was also dismissed for lack of jurisdiction in 2017. At that time Banks was housed in the United States Penitentiary in Atlanta, Georgia. In recommending dismissal of the petition, U.S. Magistrate Judge Johnston noted that Banks had filed a similar petition in several other jurisdictions. *See, Banks v. Forbes et al*., Cause No. CV-17-61-H-BMM-JTJ, Find. & Rec. at 3 (filed June 1, 2017). It was also observed that Banks has previously been designated a vexatious litigant. *Id., citing, Frederick Banks v. Pope Francis*, CV 15-1385, 2015 WL 8207532, at *3 (W.D. Pa. Dec. 8, 2015), *appeal dismissed* (Jan. 26, 2016) (collecting cases in which Banks has been repeatedly warned that the filing of meritless, duplicative, and frivolous motions and lawsuits will not be tolerated). Magistrate Judge Johnston recommended that transfer of that matter was not in the interest of justice. *Id*. The same rationale applies to the present case.

A certificate of appealability will be denied because reasonable jurists could not find grounds to doubt the jurisdictional ruling. *See, Lambright v. Stewart*, 220 F. 3d 1022, 1026 (9th Cir. 2000).

Based on the foregoing, the Court enters the following:

**ORDER**

1. Banks' motion to proceed in forma pauperis, (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. The Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 21st day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Court